UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES BERGER, | |
| Plaintiff, | Case No. 1:18-cv-03979 |
| v. | **FIRST AMENDED COMPLAINT** |
| SAM'S WEST, INC., | **JURY DEMANDED** |
| Defendant. | |

Now comes the Plaintiff, CHARLES BERGER, by and through his attorneys, and for his Complaint against the Defendant, SAM'S WEST, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages and equitable and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

2. Specifically, Plaintiff contends that he is an individual within the meaning of the ADA, that Defendant willfully retaliated against Plaintiff for exercising his rights under the ADA, and that Defendant terminated Plaintiff's employment because of his exercise of such rights.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district, Defendant does a substantial amount of business in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

5. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

      a.    Plaintiff filed a Charge of Discrimination, number 440-2018-02552, with the Equal Employment Opportunity Commission ("EEOC") on January 19, 2018.

      b.    The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on April 10, 2018.

## PARTIES

6. Plaintiff is an individual who was at all relevant times residing in Northlake, Illinois.

7. On information and belief, Defendant is a corporation of the State of Arkansas, which is licensed to do business in Illinois, and whose principal place of business is located in Bentonville, Arkansas.

8. Defendant is an "employer" as defined in 42 U.S.C. § 12111(5)(A), as it is a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

9. Plaintiff is an "employee" as defined in 42 U.S.C. § 12111(4), as he is an individual employed by an employer.

10. Plaintiff was a "qualified individual" as defined in 42 U.S.C. § 12111(8), as he was an individual who, with or without reasonable accommodation, could perform the essential functions of the employment position that he held.

## BACKGROUND FACTS

11. Plaintiff began his employment with Defendant during or about August 1999.

12. Plaintiff's most recent position with Defendant was Overnight Assistant Manager.

13. Throughout his employment with Defendant, Plaintiff performed the duties of his

jobs to all legitimate expectations.

14. On or about February 2, 2017, Plaintiff's physician diagnosed him with vertigo, a disorder that affects his balance.

15. On or about February 17, 2017, Plaintiff took a leave of absence from his position due to his condition.

16. On or about March 8, 2017, Plaintiff's physician, Dr. Laura Cozzi ("Cozzi"), a specialist in head and neck disorders, wrote a doctor's note stating Plaintiff was unfit to work at that time due to his condition.

17. Plaintiff provided Cozzi's note to Defendant for the purpose of explaining his leave of absence and to inform Defendant of his disability.

18. On or about March 21, 2017, Cozzi wrote Plaintiff another note allowing Plaintiff to return to work on or around March 28, 2017 with some restrictions.

19. These restrictions included limits to the amount of walking and standing Plaintiff had to do as well as a restriction on driving.

20. Cozzi suggested in her note that Defendant could accommodate Plaintiff by giving him either office or administrative work.

21. On or about March 28, 2017, Plaintiff returned to work.

22. Upon his return to work, Plaintiff's supervisor, Michael Happe ("Happe"), began discriminating against Plaintiff.

23. On or about March 29, 2017, Happe told Plaintiff that he needed to get the restrictions lifted if he wanted to continue working for Defendant.

24. On or about March 30, 2017, Cozzi wrote Plaintiff another note stating that Plaintiff was able to work without most of the restrictions, but would not be able to drive a forklift.

25. This same day, Defendant sent Plaintiff a letter stating that he would not be allowed to return to work until he was released by his physician to operate large power equipment.

26. Defendant's letter also stated that Plaintiff's condition was minor and did not rise to the level of a disability by their internal policies.

27. On information and belief, other employees in the same position as Plaintiff were not required to drive a forklift.

28. During or about this time, Plaintiff began another leave of absence, due to his inability to meet the requirements set by Defendant.

29. On information and belief, Defendant gave Plaintiff this requirement in retaliation for his taking a leave of absence and/or for requesting reasonable accommodations for his disability.

30. During or about March 2017 through September 2017, Defendant failed to pay Plaintiff's short-term disability benefits.

31. On or about November 6, 2017, Plaintiff had an appointment with another specialist, Dr. Timothy Hain ("Hain").

32. Hain concluded that Plaintiff still should not operate large equipment.

33. Plaintiff gave Defendant notes from his physicians that notified Defendant of Plaintiff's disability from during or about February 2017 through November 2017.

34. On or about January 10, 2018, Alexsandra Kerckhove, an employee of Defendant, wrote Plaintiff an email stating that Defendant would be terminating Plaintiff's employment and asking Plaintiff to reach out to Happe in order to set up a time for an exit interview.

35. On or about January 12, 2018, Happe, acting on behalf of Defendant, terminated Plaintiff's employment.

4

36. On information and belief, Plaintiff was discriminated against due to his disability and not allowed to come back to work because he could not drive a forklift.

37. Plaintiff was able to perform all tasks of his position with reasonable accommodation.

38. On information and belief, Defendant gave Plaintiff special requirements for his position that others in the same position.

39. On information and belief, Defendant terminated Plaintiff's employment because of and/or in retaliation for his disability, his requests for reasonable accommodations, and/or his leave of absences due to his disability.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

40. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 39 above as if reiterated herein.

41. Defendant intentionally discriminated against Plaintiff on the basis of his disability by refusing to provide reasonable accommodations for Plaintiff's disability.

42. Defendant also discriminated against Plaintiff by terminating Plaintiff's employment due to his disability.

43. Defendant also retaliated against Plaintiff because of his disability, his requests for reasonable accommodations, and/or his leave of absences due to his disability

44. Defendant, through its employees, agents and/or authorized representatives, knew that its retaliation, termination and discriminatory treatment of Plaintiff violated the ADA.

45. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

46. During Plaintiff's employment with Defendant and when Plaintiff was terminated

5

by Defendant, he was subjected to discrimination and retaliation for engaging in a legally-protected activity, as set forth above.

47. The retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents and/or authorized representatives of Defendant.

Wherefore, Plaintiff, CHARLES BERGER, respectfully prays this Honorable Court enter judgment against Defendant, SAM'S WEST, INC., as follows:

    a. Declaring the Defendant's practices complained of herein unlawful and in violation of the ADA;

    b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

    c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of a disability or retaliate against employees exercising their rights under the ADA;

    d. Immediately assigning Plaintiff to the position he would now be occupying but for the discriminatory and retaliatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those

6

        which he would have received but for the discriminatory and retaliatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e.    Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory and retaliatory practices of Defendant and the willful violations of Defendant;

f.    Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory and retaliatory practices of Defendant and the willful violations of Defendant;

g.    Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h.    Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

CHARLES BERGER

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, Illinois 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 9, 2018, a copy of the foregoing First Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin
Attorney for Plaintiff

8